IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINNIE DIGGS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COMCAST,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. CV F 12-0953 LJO JLT<br><br>**ORDER ON DEFENDANT'S F.R.Civ.P. 12 MOTION TO DISMISS**<br>(Doc. 7.) |

**INTRODUCTION**

Defendant Comcast IP Phone, LLC ("Comcast") seeks to dismiss as legally barred pro se plaintiff Winnie Diggs' ("Ms. Diggs'") telephone and internet services claims in that Comcast contracted with WD Research, under which Ms. Diggs does business and which cannot appear without an attorney. Comcast further seeks to dismiss Ms. Diggs' special damages claims for failure to satisfy F.R.Civ.P. 9(g) heightened pleading standards. Ms. Diggs filed no papers to oppose dismissal of her claims. This Court considered Comcast's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the July 19, 2012 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DISMISSES without prejudice this action.

# BACKGROUND[1]

Comcast entered into a February 10, 2011 Business Class Service Order Agreement ("agreement") to provide telephone and internet services under the account name of WD Research. Ms. Diggs signed the agreement as WD Research's president. Under the agreement, Comcast was to provide telephone and internet services to a Mobile, Alabama address.

Ms. Diggs filed her complaint on March 26, 2012 in Kern County Superior Court. The complaint indicates that Ms. Diggs does business as "W.D. Grant Research" and purports to allege claims for breach of contract as well as "professional negligence, wrongful act suffered losses and civil wrong." The complaint alleges that:

1. On January 13, 2011, an "instillation [sic] engineer installed "Business phone and Internet" new number 251-278-1428 under business name WD Grant Research"; and

2. "Plaintiff could not receive calls; Plaintiff's new number automatic response to callers, 'phone is no longer in service' problems persisted for 90 days. Problems with Internet going out during business hours."

The complaint seeks recovery for "disabled future Profits From Plaintiff's Business," "anticipated profits . . . to come via US Government Departments," hospitalization for "extremely high blood pressure," "Loss of primary home," and "Lack of income and loss of savings."

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

Comcast seeks to dismiss this action in that WD Research, a fictitious business entity, cannot appear pro se through Ms. Diggs. Comcast contends that the complaint's alleged damages "are based on pure speculation" and considered "special damages" under applicable Alabama law to require compliance with F.R.Civ.P. 9(g)'s heightened pleading standards.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

---

[1] The factual recitation is derived generally from Ms. Diggs' California Judicial Council form complaint ("complaint") as well as other matters which this Court may consider on a F.R.Civ.P. 12(b)(6) motion to dismiss.

claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). A F.R.Civ.P. 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In addressing dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

A plaintiff is obliged "to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court explained:

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit summarized: "In sum, for a complaint to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

Moreover, a court may consider exhibits submitted with the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). A "court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States*

*v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003). Such consideration prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting reference to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[2] A "court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint." *Sumner Peck Ranch v. Bureau of Reclamation*, 823 F.Supp. 715, 720 (E.D. Cal. 1993) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987)).

With these standards in mind, this Court turns to defendants' challenges to Ms. Digg's pursuit of the complaint.

## **Appearance Through Counsel**

Comcast contends that WD Research cannot appear pro se through Ms. Diggs and must appear through counsel.

"Corporations and other unincorporated associations must appear in court through an attorney." *In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir.1994); *see C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir.1987); *Church of the New Testament v. United States*, 783 F.2d 771, 773–74 (9th Cir.1986); *see also Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1309–10 (2d Cir.1991) (partnership not allowed to be represented by non-attorney partner). All artificial entities must appear in federal court through counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716, 721, 121 L.Ed.2d 656 (1993). This Court's Local Rule 183 provides: "A corporation or other entity may appear only by an attorney."

"A litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir.1962). Non-attorney litigants may not represent others. *Johns v. County of San Die go*, 114 F.3d 874, 876 (9th Cir.1997); *Church of the New Testament v. U.S.*, 783 F.2d 771, 774 (9th Cir.1986); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir.1966).

The record reveals that Comcast entered into the agreement with the entity WD Research and not with Ms. Diggs as an individual. Ms. Diggs signed the agreement as WD Research's president.

---

[2] "We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino*, 146 F.3d at 706).

Since WD Research is an artificial entity, it must appear through counsel. No counsel has attempted to appear for WD Research to warrant dismissal of this action.

## Pleading Special Damages

### *Applicable State Law*

Comcast attacks the complaint's failure to allege special damages to satisfy F.R.Civ.P. 9(g), which requires items of special damages to be "specifically stated." Comcast urges this Court to apply Alabama law on special damages given the agreement's choice of law provision which states: "The domestic law of the state in which the Services are provided shall govern the construction, interpretation, and performance of this Agreement, except to the extent superseded by federal law."

Comcast argues that Alabama law governs in that the telephone and internet services were provided to Ms. Diggs' business in Alabama. "Alabama law has long recognized the right of parties to an agreement to choose a particular state's laws to govern an agreement." *Cherry, Bekaert & Holland v. Brown*, 582 So.2d 502, 506 (Ala.1991); *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 466, 11 Cal.Rptr.2d 330 (1992) (choice of law provision is enforceable if selected jurisdiction has "substantial relationship" to transaction or there is another reasonable basis for the parties' choice of law and the chosen state's law is not contrary "to a fundamental policy of California").

"'Special damages' in diversity cases are defined by relevant state law." 2 Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* (2012) Pleadings, para. 8:395, p. 8-49 (citing *Burlington Transp. Co. v. Josephson*, 153 F.2d 372, 377 (8th Cir. 1946)). As such, Comcast contends that the complaint seeks "special damages" under Alabama law. "General damages are those that naturally and necessarily flow from a wrongful act; special damages are those that flow naturally, but not necessarily, from the wrongful act." *McLendon Pools, Inc. v. Bush*, 414 So.2d 92, 94 (Ala. Civ. App. 1982).

Comcast notes that lost profits for breach of contract claims are special damages. *See Crommelin v. Montgomery Independent Telecasters, Inc.,* 280 Ala. 391, 550-551, 194 So.2d 548 (1967) ("Profits speculative, conjectural or remote, are not, generally, regarded as an element in estimating damages.") Moreover, "[i]n Alabama the general rule is that mental anguish is not a recoverable element of damages arising from breach of contract." *B & M Homes, Inc. v. Hogan*, 376 So.2d 667, 671 (Ala. 1979).

1     Comcast challenges the complaint's claims for lost profits, emotional distress, loss of home, and
2 living expenses as damages that do not normally flow from breach of contract for telephone and internet
3 services. Comcast faults the complaint's failure to plead such special damages with "particularity" and
4 to identify facts to show that such damages are the natural and direct result of Comcast's conduct.
5 Comcast criticizes the complaint's mere legal conclusion that Ms. Diggs' alleged special damages were
6 proximately caused by Comcast's breach of contract. Comcast characterizes Ms. Diggs' alleged
7 damages as speculative and thus not recoverable.
8     The lack of legal basis for the complaint's alleged damages further warrants dismissal of this
9 action.

## CONCLUSION AND ORDER

11     For the reasons discussed above, this Court DISMISSES without prejudice this action and
12 DIRECTS the clerk to close this action.
13     IT IS SO ORDERED.

**Dated:**   **July 11, 2012**                 /s/ Lawrence J. O'Neill
                                                        UNITED STATES DISTRICT JUDGE